HANSON *v.* TOWN, Receiver of Taxes, *et al.*

(*Supreme Court, General Term, Third Department.* May 26, 1890.)

Appeal from special term, Saratoga county.

Action by Henry B. Hanson against Byron J. Town, receiver of taxes, etc., and the village of Saratoga Springs. There was a judgment for plaintiff, and defendants appeal.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Edgar T. Brackett,* for appellants. *Charles S. Lester,* for respondent.

MAYHAM, J. The case on this appeal discloses substantially the same state of facts as those contained in the appeal heard at the present term of this court, in which James M. Marvin was respondent, and the appellants herein were appellants. *Ante,* 148.

The assessment in this case, as in that, was a personal assessment against the respondent, and does not purport to be an assessment "upon the property adjoining and along the line of the same, [sewer,] and such other property as the board may deem to be benefited thereby, or may at any time enjoy the use thereof," as required by section 72 of chapter 136 of the Laws of 1887. Plaintiff's land is in no way described in the assessment, nor is any land, in terms, referred to therein. All the assessment shows is a list of names, opposite to each of which is carried out, and set down in a column, the amount of the assessment, to which is attached a warrant commanding the receiver of taxes "to levy and collect from the several persons, firms, and corporations named in the foregoing assessment the several amounts set opposite their respective names." This warrant is signed by the board of trustees. Under and by virtue of this warrant, the case shows that, at the time of the commencement of this action, the defendant Town, as receiver of taxes, had advertised the respondent's land, described in the complaint in this action, for sale, claiming to act under such warrant. On the trial at the circuit and special term, this assessment was set aside, and an injunction ordered restraining the defendant Town, as tax receiver, from proceeding to sell the respondent's land, and judgment was entered accordingly; and from that judgment the defendant appealed to this court. We think, within the authority of the case of *Marvin* v. *Town*, above referred to, and for the reason stated in the opinion in that case, the judgment in this case should be affirmed. Judgment affirmed, with costs.